### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| ECOVAC SERVICES, INC., <br> a Georgia corporation, <br> 105 Weatherstone Drive, Suite 610, <br> Woodstock, Georgia 30188 <br><br>      Plaintiff, <br><br> v. <br><br> ACE ENVIRONMENTAL SERVICES, LLC, <br> a Maryland corporation, <br> 3512 Fairfield Road, Baltimore, Maryland <br> 21226 <br>      Defendant. | Civil Action No.: _____ |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff EcoVac Services, Inc. ("EcoVac"), and hereby states its Complaint against Defendant Ace Environmental Services, LLC ("AES"), as follows:

### INTRODUCTION

1.      This is an action for federal trademark infringement under 15 U.S.C. §1114(1); federal unfair competition, dilution, and false designation of origin arising under Section 43 of the Lanham Act of 1946, 15 U.S.C. §1125; and common law trademark infringement.  In this action, EcoVac seeks preliminary and permanent equitable injunctive relief, compensatory or general damages, treble damages, attorneys' fees and costs.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over all causes of action set forth herein based upon 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and 1338(b).

3.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) in that the Defendant is a resident of this District, has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling EcoVac to relief.

THE PARTIES

4.      Plaintiff EcoVac is a Georgia corporation having a principal place of business at 105 Weatherstone Drive, Suite 610, Woodstock, Georgia 30188.  EcoVac is in the business of providing remediation services, including its patented mobile dual-phase multi-phase extraction processes, under its "EFR" service mark.

5.      Upon information and belief, Defendant AES is a Maryland limited liability company with its principal place of business located at 3512 Fairfield Road, Baltimore, Maryland 21226. Defendant may be served at the office of its Registered Agent Richard Rasmussen at 1510 Lady Anne Court, Jarrettsville, Maryland 21084.

6.      The Court has personal jurisdiction over Defendant, because Defendant is a resident of this judicial district, has continuous and systematic contacts within this judicial district, and/or has established sufficient minimum contacts with or within this district sufficient for this Court to exercise personal jurisdiction over Defendant.

FACTS

EcoVac

7.      EcoVac, through its founders and/or predecessors, originated and developed a mobile dual-phase multi-phase extraction process for environmental groundwater remediation in 1988.  At least as early as November 1989 EcoVac began using the service mark EFR® ("EcoVac's mark") to identify,

market and sell its extraction services consisting of vacuuming and removal of vapor, absorbed, dissolved and free phase volatile organic compounds ("VOC") from the Earth's subsurface.  Since then, EcoVac has continuously marketed and sold these remediation extraction services under the name EFR®.

8.      EcoVac is the owner of the EFR® service mark for vacuuming services for removing vapor, absorbed, dissolved and free phase VOCs from the Earth's subsurface.

9.      EcoVac is the owner of United States Patent and Trademark Office Registration No. 2,187,229 for the EFR® service mark for "vacuuming services for removing vapor, absorbed, dissolved and free phase VOCs from the Earth's subsurface."   A true and correct copy of EcoVac's EFR® service mark registration is attached hereto as Exhibit 1.

10.     Since at least as early as 1989, EcoVac has been, and is now, engaged in interstate commerce and has continuously used, advertised, offered for sale and sold services in conjunction with the EFR® name throughout the United States.  EcoVac has provided its EFR® services at thousands of underground storage tank ("UST") sites, fuel terminals, refineries, airports, and military installations.  In fact, EcoVac has conducted approximately 10,000 EFR® events at more than 2,000 sites for more than 375 consulting firms and individual clients in 39 states and Puerto Rico.

11.     EcoVac has extensively advertised its services bearing its EFR® mark and has engaged in extensive marketing efforts to promote its services under its EFR® mark.

12.     As a result of EcoVac's long, continuous and widespread use, advertising and sale of its services to the public under the EFR® mark, the EFR® mark has become associated with EcoVac, has acquired a secondary meaning, and has become an asset of substantial value as a symbol of EcoVac, its quality products, services and goodwill.

13.     Also as a result of EcoVac's continuous and widespread use, advertising and sales of its EFR® services, consulting firms, dealers, customers and members of the purchasing public associate EcoVac as the source of remediation services offered in conjunction with the EFR® mark.

14.     Also due to EcoVac's continuous and widespread use, advertising and sales of services bearing EcoVac's EFR® mark, EcoVac's EFR® has become famous.

<u>The Defendant</u>

15.     EcoVac is informed and believes that after EcoVac first began using, advertising and selling services under its EFR® mark, Defendant began using EcoVac's EFR® mark in association with Defendant' advertising, offering for sale, and sale of environmental vacuum truck services in interstate commerce.

18.     Environmental vacuum truck services bearing EcoVac's EFR® mark have been and are presently being sold or offered for sale by Defendant at least through its company website at www.aceenvironmental.net/Vacuum_Trucks.  A true and correct copy of a screen print of Defendant's web page is attached hereto as Exhibit 2.

19.     EcoVac is informed and believes that its actual and prospective customers of its services are substantially the same as Defendant's actual and prospective customers.

20.     EcoVac is informed and believes that the Defendant's junior use of the EFR® mark is likely to cause confusion in the marketplace as to the source and origin of so marked services.

21.     Defendant's use of EcoVac's EFR® mark for environmental vacuum truck services is without the consent, sponsorship, authorization of, or authorized affiliation with EcoVac.

22.     On April 17, 2014, the undersigned counsel for EcoVac sent a letter to Defendant informing Defendant of EcoVac's service mark and federal registration of same and requesting that

Defendant cease and desist its infringing and unfair use of EcoVac's EFR® mark.  A true and correct

copy of the correspondence to Defendant is attached hereto as Exhibit 3.

23.     Despite acknowledging receipt of the letter, Defendant continues to use EcoVac's EFR®

mark for environmental vacuum truck services without the consent, sponsorship, authorization of, or

authorized affiliation with EcoVac.

<u>COUNT ONE:</u>

<u>FEDERAL TRADEMARK INFRINGEMENT –
ECOVAC'S REGISTERED EFR® SERVICE MARK</u>

24.     Paragraphs 1 through 23 are specifically re-alleged and incorporated herein by reference.

25.     EcoVac is the Federal Registrant of Trademark Registration No. 2,187,229, the EFR®

service mark for "vacuuming services for removing vapor, absorbed, dissolved and free phase VOCs

from the Earth's subsurface."  EcoVac's s federal registration is *prima facie* evidence of the validity of

EcoVac's service mark, EcoVac's ownership of the mark, and of EcoVac's exclusive right to use the

marks in commerce in connection with the services specified in the certificate. 15 U.S.C. § 1057(b).

26.     EcoVac first used the EFR® service mark no later than 1989, which is before Defendant

began using EFR in conjunction with its services.  EcoVac is the original owner of the EFR® service

mark. EcoVac has developed a national reputation and a high degree of goodwill associated with its use

of the EFR® service mark.  EcoVac is substantially recognized by, and identified with, its EFR® service

mark.

27.     Defendant has and continues to use the EFR® service mark in connection with its sale,

offer for sale, and advertising of environmental remediation services, particularly, environmental

vacuum truck services.  Defendant's use of the EFR® service mark describes and represents Defendant

as being sponsored by, approved by, or affiliated with EcoVac.  Defendant has caused, with knowledge

of such false designation of origin or description or representation, such designations to be used in

interstate commerce.

28.     Upon information and belief, Defendant has willfully promoted in interstate commerce

its business using a confusing simulation of EcoVac's registered EFR$^{®}$ mark in such a manner so as to

falsely designate an origin or an association with EcoVac, with EcoVac's  service mark, and with

EcoVac's reputation and goodwill, so as to cause confusion or mistake or deception among purchasers

as to the true origin, source, sponsorship or affiliation of Defendant's goods, all to Defendant's profit

and to EcoVac's monetary damage.  EcoVac has been irreparably damaged by Defendant's use of such

false designation.

29.     Upon information and belief, Defendant has intentionally traded upon EcoVac's

reputation and goodwill by using a designation that is confusingly similar to EcoVac's registered EFR$^{®}$

service mark.

30.     Defendant's acts, as set forth above, violate EcoVac's right in its registered marks

pursuant to 15 U.S.C. §1114(1).

31.     Defendant will, if not enjoined by this Court, continue its acts of trademark infringement

as set forth above, which acts have caused, and will continue to cause EcoVac immediate and

irreparable harm.  Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), EcoVac is entitled to an Order

of this Court enjoining Defendant's unlawful activities. EcoVac has no adequate remedy at law.

32.     As a result of Defendant's conduct set forth above, EcoVac has been, and continues to

be, irreparably damaged.  Pursuant to 15 U.S.C. §1117, EcoVac is entitled to a judgment for: (1)

Defendant's profits; (2) damages sustained by EcoVac; (3) treble damages; (4) such sum as the Court

deems just; (5) EcoVac's attorneys' fees; (6) EcoVac's costs of this action; and (7) interest.

COUNT TWO:

FEDERAL UNFAIR COMPETITION –<br>FALSE DESIGNATION OF ORIGIN/TRADEMARK INFRINGEMENT -<br>ECOVAC'S EFR® SERVICE MARK

33.     Paragraphs 1 through 32 are specifically re-alleged and incorporated herein by reference.

34.     Upon information and belief, EcoVac first used the EFR® mark in conjunction with its remedial environmental services before Defendant first used the EFR mark.  EcoVac is the original owner of the EFR® service mark.

35.     Defendant has used, in connection with its goods, a false designation of origin, a false representation, or a false description, including using EcoVac's EFR® mark, tending falsely to describe or represent the same as made by, sponsored by, approved by or affiliated with EcoVac.  Defendant has caused, with knowledge of such false designation of origin, representation, or description, such goods to be offered for sale or used in interstate commerce.

36.     Defendant has willfully promoted in interstate commerce the sale of its environmental remediation services using reproductions of, and confusing simulations of, EcoVac's aforementioned EFR® mark in such a manner so as to falsely designate an origin or an association with EcoVac, with EcoVac's trademarks, and with EcoVac's goods.  Defendant has committed these acts so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship or affiliation of Defendant's services, all to Defendant's profit and to EcoVac's monetary damage.  EcoVac has been irreparably damaged by the use of such false designation and misrepresentation.

37.     Defendant intentionally traded and continues to trade upon EcoVac's goodwill, established through EcoVac's long and continuous advertising and sales of environmental remediation

7

services under its EFR® mark, by Defendant's copying of EcoVac's EFR® mark.

38.     Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. §1125(a).

39.     Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designations and false representations set forth above, which acts have caused, and will continue to cause, EcoVac immediate and irreparable harm.  Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), EcoVac is entitled to an Order of this Court enjoining Defendant's unlawful activities. EcoVac has no adequate remedy at law.

40.     As a result of Defendant's conduct set forth above, EcoVac has been, and continues to be, irreparably damaged.  Pursuant to 15 U.S.C. §1117, EcoVac is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by EcoVac; (3) such sum as the Court deems just; (4) EcoVac's attorney's fees; (5) EcoVac's costs of this action; and (6) interest.

COUNT THREE:

FEDERAL DILUTION –<br>ECOVAC'S EFR® SERVICE MARK

41.     Paragraphs 1 through 40 are specifically re-alleged and incorporated herein by reference.

42.     Upon information and belief, EcoVac first used its EFR® service mark before Defendant first used an EFR designation.  EcoVac is the original owner of the EFR® service mark.

43.     EcoVac has developed a national reputation and a high degree of goodwill with its use of the EFR® mark.  EcoVac is substantially recognized by, and identified with, the EFR® mark.  EcoVac's EFR® mark is famous.

44.     Defendant has used and continues to use the EFR designation in interstate commerce in

connection with its marketing and sale of environmental remediation services, including vacuum truck services.  Defendant is using the EFR® designation in interstate commerce without EcoVac's approval or authorization.

45.     Defendant, by the aforesaid acts, has been and will continue to lessen the uniqueness and effectively weaken the recognition and the public awareness of EcoVac's EFR® service mark.

46.     Defendant's acts, as set forth above, dilute the distinctiveness and strength of EcoVac's service mark in violation of 15 U.S.C. §1125(a) [Lanham Act, §43(a)].

47.     Defendant will, if not enjoined by this Court, continue its acts of dilution by the use of the EFR® designation, which acts have caused, and will continue to cause EcoVac immediate and irreparable harm.  Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), EcoVac is entitled to an Order of this Court enjoining Defendant's unlawful activities.  EcoVac has no adequate remedy at law.

48.     As a result of Defendant's conduct set forth above, EcoVac has been, and continues to be, irreparably damaged.  Pursuant to 15 U.S.C. §1117, EcoVac is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by EcoVac; (3) such sum as the Court deems just; (4) EcoVac's attorneys' fees; (5) EcoVac's costs of this action; and (6) interest.

COUNT FOUR:

COMMON LAW TRADEMARK INFRINGEMENT –<br>ECOVAC'S EFR® SERVICE MARK

49.     Paragraphs 1 through 48 are specifically re-alleged and incorporated herein by reference.

50.     The aforementioned unauthorized use by Defendant of EcoVac's EFR® mark in conjunction with environmental remediation services is to the same class of customers as the class of customers to which EcoVac sells environmental remediation services bearing in conjunction with its

EFR® mark, and:

      a)      is likely to cause confusion, or to cause mistake or to deceive;

      b)      will lead others to believe that Defendant's environmental vacuum truck services have a sponsorship, approval, status, affiliation or connection with EcoVac that they do not have; and

      c)      is a reproduction, counterfeit, copy or colorable imitation of EcoVac's EFR® mark used in connection with the sale, offering for sale, or advertising of vacuuming services of EcoVac in connection therewith, and such use is likely to cause confusion or to cause mistake or to deceive.

51.      EcoVac is informed and believes that the aforementioned acts of Defendant are being committed with the knowledge that such imitations are causing confusion, or are likely to cause confusion, or to cause mistake or to deceive. Defendant's aforementioned acts are intentional, willful, and are maliciously calculated to cause confusion, to cause mistake or to deceive.

52.      Defendant will, if not preliminarily and permanently enjoined by this Court, continue its acts of trademark infringement set forth above, thereby deceiving the public, trading on EcoVac's goodwill and causing EcoVac immediate and irreparable harm, damage and injury.  EcoVac is entitled to an Order of this Court enjoining Defendant's unlawful activities.  EcoVac has no adequate remedy at law.

53.      As a result of Defendant's conduct set forth above, EcoVac has been, and continues to be, irreparably damaged. EcoVac is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by EcoVac; (3) EcoVac's attorney fees; (4) EcoVac's costs of this action; and (5) interest.

COUNT FIVE:

COMMON LAW UNFAIR COMPETITION –
ECOVAC'S EFR® SERVICE MARK

54.     Paragraphs 1 through 53 are specifically re-alleged and incorporated herein by reference.

55.     As a result of EcoVac's use, advertising and sale of services under its EFR® mark, and the public's association of that mark with EcoVac, Defendant's use of a deceptively similar mark in connection with goods which are the same as, or substantially similar to, the services of EcoVac are likely to cause confusion, mistake and to deceive, with respect to EcoVac's EFR® mark.

56.     On information and belief, Defendant has offered for sale and has sold its services bearing the infringing EFR mark with full prior knowledge of EcoVac's trademark.  Defendant's sales of such services were and are for the willful and calculated purpose of trading on EcoVac's goodwill and business reputation.

57.     On information and belief, Defendant has willfully developed, promoted and sold its services in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by EcoVac and so as to cause, or to be likely to cause, confusion or mistake among purchasers as to the origin of Defendant's services, all to Defendant's profit and to EcoVac's monetary damage.

58.     The aforesaid conduct of Defendant constitutes infringement of EcoVac's common law trademark rights in its EFR® mark, and further constitutes improper and unfair competition with EcoVac, all of which has irreparably damaged and will continue to irreparably damage EcoVac's goodwill and reputation.

59.     Unless enjoined and restrained by this Court, Defendant will continue its acts of unfair competition and trademark infringement, thereby deceiving and confusing the public and causing

EcoVac immediate and irreparable harm, damage and injury.  EcoVac is entitled to an Order of this Court enjoining Defendant's unlawful activities.  EcoVac has no adequate remedy at law.

60.     As a result of Defendant's conduct as set forth above, EcoVac has suffered damages. EcoVac is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by EcoVac; (3) EcoVac's attorney fees; (4) EcoVac's costs of this action; and (5) interest.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, EcoVac prays that:

(1)     Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant be preliminarily and permanently enjoined and restrained from:

(a)     using EcoVac's EFR® service mark or any other designation, or trademark confusingly similar to EcoVac's EFR® mark for environmental remediation vacuuming services;

(b)     otherwise infringing upon EcoVac's rights in and to its EFR® mark and from otherwise unfairly competing with EcoVac in any manner whatsoever;

(c)     offering for sale and selling environmental vacuum services bearing EcoVac's EFR® mark or any other designation or trademark confusingly similar to EcoVac's EFR® mark.

(2)     Defendant be ordered to deliver up for destruction their documents, signs, packages, forms, advertisements, business cards, letterheads and other representations and means for reproducing the same or any printed material bearing EcoVac's EFR® service mark or any designation, or mark confusingly similar to EcoVac's EFR® mark and to obliterate, destroy or remove all other uses or marks confusingly similar to EcoVac's EFR® mark.

(3)     Defendant be directed to file with the Court and serve on EcoVac, no later than thirty

(30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

      (4)     An accounting be conducted and judgment be rendered against Defendant for:

      (a)     all profits received by Defendant from its sale of environmental remediation services in commerce in conjunction with a trademark similar to EcoVac's EFR$^{®}$ service mark directly or indirectly;

      (b)     all damages sustained by EcoVac on account of, *inter alia*, Defendant's trademark infringement, unfair competition, false designation of origin, false description of representation, injury to EcoVac's business reputation, and dilution of EcoVac's trademarks pursuant to 15 U.S.C. §1051 *et. seq.*; and

      (c)     actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

      (5)     Defendant be required to pay to EcoVac monetary damages to be used for corrective advertising to be conducted by EcoVac.

      (6)     EcoVac have and recover its costs in this suit, including reasonable attorney fees and expenses.

      (7)     EcoVac have such other and further relief as the Court may deem just and proper.

      (8)     Interest be assessed against Defendant for all monies awarded to EcoVac.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff EcoVac demands a trial by jury of all issues triable of right by a jury.

13

This 10th day of October, 2014.

Respectfully submitted by:


   /s/Robert M. Masters
Robert M. Masters
Maryland Bar No. 14770
robmasters@paulhastings.com
Lauren E. Briggerman
laurenbriggerman@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705



Eric G. Maurer
Georgia Bar No. 478199
eric.maurer@thomashorstemeyer.com
**THOMAS | HORSTEMEYER, LLP**
400 Interstate North Parkway
Suite 1500
Atlanta, Georgia  30339-5994
Telephone:  (770) 933-9500
Facsimile:  (770) 951-0933

*Attorneys for Plaintiff EcoVac Services, Inc.*